UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
LAYSHAWN MITCHELL, *pro se*,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Petitioner,　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　:　　**ADOPTING REPORT AND**
　　　　-against-　　　　　　　　　　　　　　:　　**RECOMMENDATION**
　　　　　　　　　　　　　　　　　　　　　　　:　　15-CV-6618 (DLI) (LB)
SUPERINTENDENT CHRISTOPHER　　　　　:
MILLER,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Respondent.　　　　　　　:
-------------------------------------------------------------- x

**DORA L. IRIZARRY, Chief United States District Judge:**

　　　　Petitioner Layshawn Mitchel ("Petitioner"),[1] *pro se*,[2] timely brings this petition for a writ of *habeas corpus* ("Petition") pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Pet. for Writ of *Habeas Corpus* ("Pet."), Dkt. Entry No. 1.  Petitioner challenges the use of his 1987 conviction for robbery in the first degree to treat him as a persistent violent felony offender when he was resentenced in 2012 on his 2006 guilty plea to attempted sodomy in the first degree.  On June 12, 2018, the Hon. Lois Bloom, U.S. Magistrate Judge, issued a Report and Recommendation[3] ("R & R") that the Petition be denied.  *See*, R & R, Dkt. Entry No. 19.  Petitioner timely objected.  *See*, Pet.'s Obj. to R & R ("Pet.'s Obj."), Dkt. Entry No. 23.

　　　　For the reasons set forth below, the R & R is adopted in its entirety and the Petition is denied.

---

[1]　　　　Petitioner also is known as William Taylor.  Report & Recommendation at n.1.
[2]　　　　In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).
[3]　　　　Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed.

## BACKGROUND

Prior to Petitioner's 2006 conviction for attempted sodomy, which sentence he currently is serving, Petitioner pled guilty in 1987 in the New York State Supreme Court, Kings County ("Kings County") to robbery in the first degree and attempted robbery in the first degree. R & R at 1. In 1998, petitioner pled guilty to one count of attempted robbery in the second degree in the New York State Supreme Court, Queens County. *Id.*

As part of the 1998 plea deal, Petitioner executed a cooperation agreement, which included a stipulation that he would be designated a second violent felony offender. *Id.* at 2. The cooperation agreement further specified that, in exchange for his plea of guilty to grand larceny in the fourth degree charged in a separate indictment in Kings County, Petitioner would receive concurrent sentences for the grand larceny and attempted robbery charges. *Id.* at 2, 4.

During the 1998 guilty plea allocution, Petitioner told the court that he was not satisfied with his counsel and that they "didn't have a good rapport." *Id.* at 2. However, Petitioner stated that he wanted "to get this over with" and signed the cooperation agreement. *Id.* Upon further questioning by the court, Petitioner reiterated that he was satisfied with his counsel. *Id.* Based on Petitioner's representations, the court accepted his guilty plea. *Id.*

In 2003, Petitioner pled guilty to four counts of robbery in the third degree. *Id.* at 3. During the guilty plea proceeding, Petitioner did not challenge any of his prior convictions. *Id.*

On June 6, 2006, Petitioner pled guilty to attempted sodomy in the first degree, and the court adjudged him a persistent violent offender. *Id.* at 3-4. On October 17, 2006, after requesting additional documentation certifying Petitioner's persistent violent felony offender status, the court held a hearing concerning Petitioner's status. *Id.* at 4. After the hearing, the court noted that Petitioner "should be sentenced in the status of persistent felony offender, not as a persistent violent

felony offender," but requested additional briefing from the parties. *Id.* Petitioner then was arraigned on his two prior felony convictions. *Id.*

On November 13, 2006, the court held a hearing to determine whether Petitioner qualified as a persistent felony offender. *Id.* at 5. At the hearing, Petitioner contested his 1987 conviction on the grounds that "it was almost 20 years ago" and that he "didn't knowingly, intelligently and voluntarily enter" the plea. *Id.*

However, Petitioner did "not controvert the other convictions," and Petitioner admitted to his other three prior felony convictions. *Id.* Based on these prior felony convictions, the court adjudged Petitioner a persistent violent felony offender and sentenced him to an indeterminate term of 17 years to life. *Id.*

Petitioner timely appealed his 2006 guilty plea, contending that the court unduly pressured him to plead guilty by finding him a persistent violent felony offender rather than a persistent felony offender. *Id.* at 5-6. On January 19, 2010, the New York State Supreme Court Appellate Division, Second Department ("Appellate Division") modified the judgment against Petitioner by vacating the sentence imposed and affirming the judgment as modified. *People v. Mitchell* ("*Mitchell I*"), 69 A.D.3d 883 (2d Dep't 2010), *leave to app. denied*, 15 N.Y.3d 807 (2010). Specifically, the Appellate Division found that Petitioner's "guilty plea was knowingly, voluntary, and intelligently entered." *Id.* at 883. However, the Appellate Division remanded the case to the lower court to determine whether Petitioner was sentenced as a persistent violent felony offender or as a persistent felony offender. *Id.*

On remand, on July 12, 2012, a different judge, relying on Petitioner's initial guilty plea, adjudicated Petitioner a "mandatory persistent [v]iolent [f]elony [o]ffender" and sentenced

3

Petitioner "to an indeterminate term of 17 years to [l]ife imprisonment in a state correctional facility with credit for time already served." R & R at 7-8

Petitioner appealed his new sentence. *Id.* at 8. On May 21, 2014, the Appellate Division affirmed the new sentence, finding that the lower court properly adjudicated Petitioner a persistent violent felony offender. *People v. Mitchell* ("*Mitchell* II"), 117 A.D.3d 970, 985 (2d Dep't 2014), *leave to app. denied*, 23 N.Y.3d 1068. In reaching its decision, the Appellate Division found that Petitioner was "estopped from challenging his 1987 conviction because he did not challenge its constitutionality in 1998 when it served as the predicate for his sentencing in 1999 as a second violent felony offender." *Id.* at 985. The New York Court of Appeals denied Petitioner leave to appeal. 23 N.Y.3d 1068.

On federal *habeas* review, Petitioner challenges his sentence and classification as a persistent violent felony offender on the grounds that: (1) he did not knowingly, intelligently, and voluntarily waive his challenge to the constitutionality of his 1987 conviction during the 1998 proceedings; (2) he was not given notice during the 1998 proceedings that his 1987 conviction would be used as a predicate violent felony; and (3) that the 1987 conviction should not have been used as it was excluded when he was sentenced in 2006. *Id.* In turn, Respondent contends that the Petition should be denied because: (1) Petitioner's claims are unexhausted; (2) Petitioner's waiver claim is procedurally barred from federal review; (3) the Supreme Court's holding in *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001) bars Petitioner from challenging the use of his 1987 conviction in enhancing his 2012 sentence; and (4) Petitioner's claims are not cognizable on federal *habeas* review.

The magistrate judge recommends this Court deny the Petition, concluding that habeas relief is unavailable to Petitioner because: (1) *Lackawanna County* bars Petitioner's challenge, and

4

(2) Petitioner's claim is not cognizable on *habeas* review because Petitioner was sentenced properly under state law. R&R at 9, 12. For the reasons set forth below, the magistrate judge's thorough and well reasoned R &R is adopted in its entirety.

## **DISCUSSION**

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See*, *also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).

Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the

5

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

The Court has reviewed the record, the relevant case law, the R & R, and Petitioner's objections to the R & R. A review of the magistrate judge's thorough and well reasoned R & R reveals that the magistrate judge disposed of each of Petitioner's claims appropriately, supporting her findings with abundant factual and legal support. Petitioner's objections are merely restatements of the arguments raised in the Petition.

As correctly set forth in the R & R, the magistrate judge found that Petitioner's challenge is barred by the Supreme Court's decision in *Lackawanna County*, which held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . , the conviction may be regarded as conclusively valid." *Lackawanna Cty. Dist. Attn'y*, 532 U.S. at 403-04. The only exception to the rule recognized by the Supreme Court is "where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. Here, the magistrate judge properly found that federal habeas relief is unavailable to Petitioner because of the *Lackawanna County* rule barring collateral attack of his conviction and because Petitioner was not denied counsel in either the 1987 or 1998 proceedings. R & R at 10-11.

The magistrate judge also properly found that Petitioner's claim is unreviewable because a claim that a prior conviction should not have been used as a predicate "is purely a matter of state law and is thus not cognizable on *habeas* review." *Albritton v. Comm'r, New York State Dep't of Corr. Servs.*, 2013 WL 4500736, at *7 (E.D.N.Y. Aug. 20, 2013). The magistrate judge found that Petitioner's sentence correctly was based on his prior felony convictions, and, therefore, Petitioner

properly was sentenced under state law. As such, the magistrate judge found, and this court agrees, that Petitioner's claim is not cognizable on *habeas* review.

## **CONCLUSION**

For the reasons set forth above and as the magistrate judge did not commit clear error, the R & R is adopted in its entirety. Accordingly, the claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is denied. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See*, Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. U.S.*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2019

/s/
DORA L. IRIZARRY
Chief Judge